# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SETH ABBOTT,**

   **Plaintiff,**

**CASE NO.:** 6:14-cv-172-orl-31GJK

**-vs-**

**ADVANTAGE TRAVEL, LC, f/k/a
SELECT TRAVEL, L.L.C., d/b/a GREAT
ESCAPESVACATION CLUB,**

   **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SETH ABBOTT, sues the Defendant, ADVANTAGE TRAVEL, LC, f/k/a SELECT TRAVEL, L.L.C., d/b/a GREAT ESCAPESVACATION CLUB, and alleges as follows:

## JURISDICTION AND VENUE

1.      This is a civil action for money damages in an amount that exceeds $15,000, exclusive of costs, interest, and attorneys' fees.

2.      Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendants in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA"), and the regulations applicable thereto, as set forth in 47 C.F.R. § 64.1200 (hereafter the "Regulations"), in addition to recovery of attorneys' fees pursuant to section 501.059(10)(a), Florida Statutes.

3.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, see *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012), and supplemental jurisdiction under 28 U.S.C. § 1367 for the related claims.

4.     The alleged violations described herein occurred in Orange County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.

6.     Plaintiff is the "called party" with respect to the calls described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

7.     Defendant is a limited liability company and a citizen of the State of Wyoming with its principal place of business at 4259 S. Florida Avenue, Lakeland, Florida, 33813.

8.     Defendant is not a tax exempt nonprofit organization.

9.     Accordingly, Defendant is a "seller" as that term is defined by 47 C.F.R. § 64.1200(f)(9).

10.    In or about May of 2013, Plaintiff began receiving telephone calls from Defendant on his cellular telephone number, (407) 721-1768. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from the following phone number: (954) 703-4578.

11.    Plaintiff is the regular user and carrier of the cellular telephone number at issue, (954) 703-4578, and was the called party and recipient of Defendant's telephone solicitation calls.

12. Upon information and belief, the telephone solicitation calls at issue were placed by Defendant using an "automated telephone dialing system" or "autodialer" as defined by the TCPA and its Regulations, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

13. Additionally, the telephone solicitation calls at issue were placed by Defendant using an artificial or prerecorded voice.

14. On at least fifty (50) separate occasions beginning on or about May 27, 2013, Defendant called client regarding the availability of vacation and travel related services, and is therefore considered an "advertisement" as defined by 47 C.F.R. § 64.1200(f)(1) and 47 C.F.R. § 64.1200(b)(3). [Please see **Exhibit A** demonstrating at least twenty-eight phone calls from May 27, 2013 to June 28, 2013.]

15. Furthermore, because the above described calls by Defendant regarding the commercial availability of vacation and travel-related services was made without the "express invitation or permission" of Plaintiff, the calls constitute "unsolicited advertisements" as defined by 47 C.F.R. § 64.1200(f)(14).

16. Defendant initiated each of the phone calls at issue to Plaintiff for the purpose of encouraging the purchase of vacation and travel-related services by Plaintiff for the financial benefit of Defendant. Accordingly, the calls constituted "telephone solicitation" as defined by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(a)(4) and 47 C.F.R. § 64.1200(f)(14).

17. In placing the above described telephone solicitation calls to Plaintiff, Defendant acted as a "telemarketer" and engaged in "telemarketing" as defined by the applicable Rules and Regulations, 47 C.F.R. § 64.1200(f)(11) - (12).

18. Defendant has placed approximately fifty (50) such telephone solicitation calls to Plaintiff's aforementioned cellular telephone number since in or about May 2013, through

August 2013. Moreover, Defendant's harassing telephone solicitation campaign involved the placement of the above described telemarketing calls to Plaintiff's cellular telephone number as many as three (3) times on June 15, 2013.

19.     Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to solicit the sale of insurance and vacation-related services from individuals such as Plaintiff for its financial benefit.

20.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

21.     Defendant followed its corporate policy when attempting to communicate with the Plaintiff.

22.     Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

23.     Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up its autodialer in a manner which makes it virtually impossible for the automated calls to stop.

## COUNT I - VIOLATION OF THE TCPA

24.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs three (1) through twenty-three (23), as if fully set forth herein.

25.     None of the calls at issue were placed by Defendant to Plaintiff's cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

26.     Furthermore, none of the calls at issue were placed by Defendant to Plaintiff for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

27.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1).

28.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by using a prerecorded and/or artificial voice message which failed to disclose the name under which it is registered to conduct business with the Florida Department of State, in violation of the applicable Rules and Regulations set forth under 47 C.F.R. § 64.1200(b)(1).

29.     The TCPA provides Plaintiff with a private right of action against Defendant for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for statutory damages, actual damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II – ATTORNEYS' FEE DEMMAND
## PURSUANT TO SECTION 501.059, FLORIDA STATUTES

30.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs one (3) through twenty-three (23), as if fully set forth herein. Plaintiff further incorporates each allegation of Counts I and II as if fully set forth herein.

31.     Plaintiff is a "consumer" as that term is defined by section 501.059(1)(e), Florida Statutes.

32.     Defendant is a "telephone solicitor" as that term is defined under section 501.059(1)(d), Florida Statutes.

33.     The phone calls placed by Defendant to Plaintiff's cellular telephone number, as described herein, were "telephonic sales calls" as defined by section 501.059(1)(a), Florida Statutes.

34.     The conduct giving rise to Plaintiff's claims against Defendants for violation of the TCPA, as set forth in Count I, also violated numerous analogous provisions of section 501.059, Florida Statutes, including but not limited to:

35.     The above described calls placed by Defendant to Plaintiff's cellular telephone number were not made in response to an express request of Plaintiff or in connection with an existing debt or contract. Furthermore, Defendant did not at any material time hereto have a prior or existing business relationship with Plaintiff. Accordingly, the phone calls placed by Defendant to Plaintiff's cellular telephone number, as described herein, were "unsolicited telephonic sales calls" as defined by section 501.059(1)(c), Florida Statutes.

36.     Defendant willfully and/or knowingly violated section 501.059(2), Florida Statutes, by repeatedly placing unsolicited telephonic sales call to Plaintiff's cellular telephone number using a prerecorded or artificial message that failed to disclose Defendant's identity as required under Florida law.

37.     Defendant willfully and/or knowingly violated section 501.059(8)(a), Florida Statutes, by repeatedly placing telephonic sales calls to Plaintiff's cellular telephone number

using an automated telephone dialing system and/or playing a prerecorded message when the connection to Plaintiff's cellular telephone number was completed.

38.     Section 501.059(10)(a) provides that the prevailing party in any civil litigation resulting from a transaction involving a violation of section 501.059, Florida Statutes, is entitled to recover his reasonable attorneys' fees and costs.

39.     Count I of this Complaint alleging violations of the TCPA by Defendant, as incorporated herein, constitute "civil litigation resulting from a transaction involving" conduct that violates section 501.059, Florida Statutes, as set forth above.

40.     Plaintiff has been required to retain the services of the undersigned attorneys and has agreed to pay them a reasonable fee.

WHEREFORE, Plaintiff demands judgment against Defendant ADVANTAGE TRAVEL, LC, f/k/a SELECT TRAVEL, L.L.C., d/b/a GREAT ESCAPESVACATION CLUB, for attorneys' fees and costs, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,


Amanda J. Allen, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0098228
Attorney for Plaintiff